UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


Leighton Horomanski,  )  CASE NO.: 5:25CV2728
  )
Plaintiff,  )  JUDGE JOHN ADAMS
  )
  )
  )
Whirlpool Corp., et al.,  )  **ORDER**
  )
Defendants.  )
  )


Pending before the Court is Plaintiff's unopposed motion to remand. Doc. 24.   As support for the motion, Plaintiff notes that when this matter was filed with this Court on December 16, 2025, complete diversity existed between Plaintiff and the named Defendants.   However, on June 3, 2026, Plaintiff amended her complaint to add additional parties that became known to her through early discovery.   As such, diversity jurisdiction no longer exists.

Despite that fact, Plaintiff's contention that remand is appropriate is not well taken. "[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction."  *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473–474 (2007).   As such, Plaintiff is *partially* correct – specifically, this Court can no longer exercise jurisdiction over the parties.    However, Plaintiff has failed to offer *any* authority to suggest that this Court may "remand" a case to a court in which the case has never

been filed.   The statutory basis for remand can be found in 28 U.S.C. § 1447, a statute titled "Procedure *after removal* generally." (emphasis added).   Similarly, the provision most applicable to the facts set forth herein, § 1447(e) reads as follows:

> If *after removal* the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

(emphasis added).   Absent removal, this Court can find no authority that would allow an order of remand.

The Court would further note that this fact is highlighted by Plaintiff's motion that does not name which Court should be ordered to hear this matter.   Instead, the motion suggests remand to "the applicable Court of Common Pleas."   As such, it would appear to the Court that Plaintiff believes this Court should divine from the complaint which possible Common Pleas courts would be an appropriate venue and then choose such a Court.[1]   That fact only serves to reinforce the Court's view that remand is not available.[2]

As detailed in the motion to remand, the existing parties are in agreement that these newly-added parties destroy diversity jurisdiction.   Accordingly, Plaintiff shall show cause by no later than July 29, 2026 why this matter should not be dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.

DATED: July 15, 2026                    /s/ John R. Adams
                                        JUDGE JOHN R. ADAMS
                                        UNITED STATES DISTRICT JUDGE

---

1  Plaintiff's proposed order would seem to suggest that Summit County is the appropriate state court.

2  The Court would note that the authority relied upon by Plaintiff, *Curry v. U.S. Bulk Transp., Inc*., 462 F.3d 536 (6th Cir. 2006), ordered remand "to the state court from which removal was granted."  *Id.* at 537.   As such, it provides no support for the premise that remand is appropriate in an action that was originally filed in federal court.